1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11

DEMOND JAMES HAYDEN,                     CASE NO. 1:11-cr-00038-LJO

12

                        Movant,          **ORDER ON 28 U.S.C. § 2255 MOTION**
13        vs.                            **TO VACATE, SET ASIDE, OR CORRECT**
                                         **SENTENCE** (Doc. 25)
14    UNITED STATES OF AMERICA,

15                        Respondent.
                                        /
16

17                              **I. INTRODUCTION**

18            Demond James Hayden ("Mr. Hayden") is a prisoner in federal custody proceeding pro se.  Now

19    before the Court is his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence.  He contends

20    that he received ineffective assistance of counsel when counsel failed to object to his criminal history

21    score at sentencing.  Having considered the arguments presented, this Court DENIES Mr. Hayden's

22    motion.

23                              **II. BACKGROUND**

24            On January 20, 2011, Mr. Hayden was indicted for being a prohibited person in possession of

25    a firearm, in violation of 18 U.S.C. § 922(g)(1).  (Doc. 1).  The indictment included forfeiture

26    allegations, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).  (*Id*.).

27            On May 27, 2011, Mr. Hayden entered into a plea agreement with the government in which he

28    promised to plead guilty to the indictment.  (Doc. 13, p. 2).  He also agreed to waive his right "to contest

1

1  his plea, conviction, and sentence in any post-conviction proceeding, including but not limited to a

2  proceeding under 28 U.S.C. § 2255." (Doc. 13, p. 4).  In exchange, the government agreed to

3  recommend a sentence at the low end of the applicable guidelines' range. (Doc. 13, p. 6).  On the same

4  day, Mr. Hayden pled guilty to the indictment, agreed to the forfeiture, and confirmed that he understood

5  the appeal waiver. (Doc. 27, p. 6, 8-9).

6         Mr. Hayden's sentencing hearing occurred on September 23, 2011. (Doc. 28).  In defense

7  counsel's sentencing memorandum and at sentencing, defense counsel argued that Mr. Hayden's

8  criminal history category was overstated. (Doc. 20, p. 4; Doc. 28, p. 7).  Defense counsel argued that

9  Mr. Hayden's criminal history was overstated for three reasons: (1) his adult convictions were non-

10  violent and victimless, (2) if the instant offense would have occurred just eight months later the 2001

11  misdemeanor trespassing conviction would not have counted, and (3) five of Mr. Hayden's criminal

12  history points were for trespass and traffic-related offenses. (Doc. 20, p. 4-5).  The Court was

13  unpersuaded by defense counsel's arguments and determined that Mr. Hayden's criminal history

14  category was not overstated. (Doc. 28, p. 4, 11).  The Court determined that Mr. Hayden was in a

15  criminal history category of VI with an offense level of 21, which created a sentencing range of 77-96

16  months imprisonment. (Doc. 28, p. 10-11).  The Court sentenced Mr. Hayden to 77-months

17  imprisonment. (Doc. 28, p. 11).  The judgment was entered on September 28, 2011. (Doc. 22).

18         On September 10, 2012, Mr. Hayden delivered the instant § 2255 motion to prison authorities

19  for forwarding.[1] (Doc. 25, p. 15).  Mr. Hayden raises one ineffective assistance of counsel claim.

20                                    **III. DISCUSSION**

21  **A. Ineffective Assistance of Counsel**[2]

22

23         [1] On September 14, 2012, Mr. Hayden also filed a "declaration in support of request to proceed in forma pauperis."
(Doc. 26).  Mr. Hayden's declaration is unnecessary in light of the fact that the Court is already aware of his indigent status

24  given that he was previously represented by the Office of the Federal Defender.  Accordingly, this Court DENIES Mr.
Hayden's request to proceed in forma pauperis as moot.

25

26         [2] Although Mr. Hayden's plea agreement contains a § 2255 waiver, his ineffective assistance of counsel claim is
not barred by the waiver because his ineffective assistance of counsel claim challenges the voluntariness of the waiver. *See*

27  *Washington v. Lampert*, 422 F.3d 864, 871 (9th Cir. 2005) (collateral attack waiver unenforceable with respect to an
ineffective assistance of counsel claim that challenged the voluntariness of the waiver); *see also United States v. Pruitt*, 32

28  F.3d 431, 433 (9th Cir. 1994) (doubting whether "a plea agreement could waive a claim of ineffective assistance of counsel
based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea

1       Mr. Hayden contends that he received ineffective assistance of counsel when counsel failed to

2   object to his criminal history score.  Mr. Hayden alleges that counsel failed to object to the three criminal

3   history points he received for driving on a suspended license.  Mr. Hayden argues that the state court that

4   sentenced him, imposed a fine with no jail time or probation thus, pursuant to U.S.S.G. § 4A1.2(c), he

5   did not deserve the three criminal history points he received.  Mr. Hayden further asserts that the

6   additional criminal history points, imposed as a result of counsel's failure to object, rendered his plea

7   agreement unknowing and involuntary.

8       To demonstrate ineffective assistance of counsel, a petitioner must establish deficient

9   performance and prejudice.  *Strickland v. Washington,* 466 U.S. 668, 687 (1984).  In order to establish

10  deficient performance, petitioner must show that "counsel made errors so serious that counsel was not

11  functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment."  *Id*.  This requires

12  petitioner to "show that counsel's representation fell below an objective standard of reasonableness."

13  *Id*. at 687-88.  There is a strong presumption that counsel's performance fell within the "wide range of

14  professional assistance."  *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986) (quoting *Strickland*, 466

15  U.S. at 689).  "[T]he defendant must surmount the presumption that, under the circumstances, the

16  challenged action might be considered sound trial strategy."  *United States v. Quintero-Barraza*, 78 F.3d

17  1344, 1348 (9th Cir. 1995) (internal quotation marks and citations omitted).  "Thus, the proper inquiry

18  is whether, in light of all the circumstances, the identified acts or omissions were outside the wide range

19  of professionally competent assistance."  *Id.* (internal quotation marks and citations omitted).

20      The second factor petitioner must establish is prejudice.  *Strickland*, 466 U.S. at 693.  Prejudice

21  occurs when "there is a reasonable probability that, but for counsel's unprofessional errors, the result

22  of the proceeding would have been different."  *Id.* at 694.  "A reasonable probability is a probability

23  sufficient to undermine confidence in the outcome."  *Strickland*, 466 U.S. at 694.  Prejudice analysis

24  must not only focus on outcome determination but also on the question of whether or not "the result of

25  the proceeding was fundamentally unfair or unreliable."  *United States v. Palomba*, 31 F.3d 1456, 1461

26  (9th Cir. 1994) (*quoting Lockhart v. Fretwell*, 506 U.S. 364, 368 (1993)).  "A court need not determine

27  ───────────────

bargain").

28

1   whether counsel's performance was deficient before examining the prejudice suffered by the [petitioner]

2   as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697.

3          Mr. Hayden has failed to show that his counsel's performance was deficient or that he was

4   prejudiced.   Defense counsel argued, in the sentencing memorandum and at sentencing, that Mr.

5   Hayden's criminal history category was overstated.  (Doc. 20, p. 4; Doc. 28, p. 7).   Moreover, to the

6   extent Mr. Hayden contends that counsel should have argued that the points associated with his driving

7   with a suspended license convictions should not have counted pursuant to U.S.S.G. § 4A1.2(c), this

8   argument would have been futile.

9          Mr. Hayden was previously convicted of driving with a revoked or suspended license and was

10  sentenced to 36-months probation and 16-days in jail.  (PSR 9).  Pursuant to U.S.S.G. § 4A1.1(c),  Mr.

11  Hayden received one criminal history point for this prior sentence.[3]  (PSR 9).  Mr. Hayden was also

12  previously convicted of fleeing from pursuing police officers and driving without a license and was

13  sentenced to 60-days in jail.  (PSR 9).  Pursuant to U.S.S.G. § 4A1.1(b), Mr. Hayden received two

14  criminal history points for this sentence.[4]  (PSR 9).

15         Mr. Hayden argues that these sentences should not have been counted pursuant to U.S.S.G. §

16  4A1.2(c). U.S.S.G. § 4A1.2(c)(1) provides that sentences for driving without a license or with a revoked

17  or suspended license are not counted unless "the sentence was a term of probation of more than one year

18  or a term of imprisonment of at least thirty days."   Mr. Hayden was convicted of driving with a

19  suspended or revoked license and driving without a license.  He was sentenced to 36-months probation,

20

21

22      [3] U.S.S.G. § 4A1.1, explains how to calculate a defendant's criminal history category.  It provides in relevant part:

23          (a) Add **3** points for each prior sentence of imprisonment exceeding one year and one month.
            (b) Add **2** points for each prior sentence of imprisonment of at least sixty days not counted in
            (a).

24          (c) Add **1** point for each prior sentence not counted in (a) or (b), up to a total of **4** points for this
            subsection.

25

26  U.S.S.G. § 4A1.1 (emphasis in original).  Mr. Hayden received one criminal history point for driving with a revoked or
    suspended license because his sentence of 36 months probation and 16 days in jail did not exceed one year and was not at

27  least sixty days, pursuant to § 4A1.1(c).

28      [4] Mr. Hayden received two criminal history points for his flight from pursuing police officers and driving without
    a license conviction because the sentence was at least sixty days imprisonment, pursuant to § 4A1.1(b).

1   16 days in jail and 60 days in jail, respectively.  Accordingly, Mr. Hayden was not eligible for the

2   exception articulated in § 4A1.2(c).  Thus, if counsel would have raised a § 4A1.2(c) argument, the

3   argument would have been futile.

4        In addition, the Court is unpersuaded by Mr. Hayden's contention that the additional criminal

5   history points show that Mr. Hayden did not enter into the plea agreement knowingly and voluntarily.

6   When the parties entered into the plea agreement, Mr. Hayden's criminal history score was not part of

7   the agreement.  The plea agreement specifically provides that the government makes no representations

8   regarding Mr. Hayden's "criminal history or criminal history points under Chapter Four." (Doc. 13, p.

9   6).  The agreement further informed Mr. Hayden that the Court would consult the Sentencing Guidelines

10  and "determine a non-binding and advisory guideline sentencing range." (Doc. 13, p. 5).  Mr. Hayden

11  was also informed that the government would fully apprise the probation office and the court "of the full

12  and true nature, scope and extent of . . . [Mr. Hayden's] criminal history." (Doc. 13, p. 9).  Thus, the

13  three criminal history points Mr. Hayden received for the traffic-related offenses did not render the plea

14  agreement unknowing or involuntary because the points were not at issue when Mr. Hayden entered into

15  the agreement.  Accordingly, Mr. Hayden has failed to demonstrate ineffective assistance of counsel.

16  *Strickland,* 466 U.S. at 687 (to demonstrate ineffective assistance of counsel, a petitioner must establish

17  deficient performance and prejudice).

18  **C. Certificate of Appealability**

19       28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in a § 2255 proceeding unless a

20  circuit justice or judge issues a certificate of appealability ("COA").  A COA may issue "only if the

21  applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2);

22  *see Slack v. McDaniel*, 529 U.S. 473, 483 (2000).  "The petitioner must demonstrate that reasonable

23  jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id*.

24  at 484; *see also Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003).  To meet this standard, the petitioner

25  "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the

26  issues in a different manner; *or* that the questions are adequate to deserve encouragement to proceed

27  further." *Lambright v. Stewart*, 220 F.3d 1022, 1024-25 (9th Cir. 2000) (alteration in original) (internal

28  quotation marks and brackets omitted) (*quoting Barefoot v. Estelle,* 463 U.S. 880, 893 n.4 (1983)).  In

5

1    the absence of a COA, no appeal in a § 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

2       This Court has reviewed the record of this case and finds that the issues are not debatable among

3    jurists of reason. *See Lambright*, 220 F.3d at 1024-25. Accordingly, a COA is improper.

4                          **IV. CONCLUSION & ORDER**

5       For the reasons discussed above, this Court:

6       1.      DENIES Mr. Hayden's § 2255 motion to vacate, set aside, or correct sentence;

7       2.      DENIES Mr. Hayden's COA; and

8       3.      DENIES Mr. Hayden's request to proceed in forma pauperis as moot.

9       4.      The clerk is direct to close case no. 1:12-cv-01519-LJO.

21       IT IS SO ORDERED.

22    **Dated:**     **October 30, 2012**                 **/s/ Lawrence J. O'Neill**
                                               UNITED STATES DISTRICT JUDGE